**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DALE HARPER

      Petitioner,

v.                                       Case No. 05-CV-74413

ANDREW JACKSON,

      Respondent.
                                      /

**OPINION AND ORDER DENYING PETITIONER'S OBJECTIONS,
ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
AND DENYING THE PETITION FOR HABEAS CORPUS**

On June 14, 2007, Magistrate Judge Paul J. Komives issued a Report and Recommendation ("R&R") recommending that this court deny Petitioner Dale Harper's application for a writ of habeas corpus. On July 2, 2007, Petitioner filed timely objections. There has been no response filed to the objections.

Having reviewed the objections, the court concludes that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will deny Petitioner's objections, adopt the R&R and deny the petition for habeas corpus.

## I. STANDARD

The filing of timely objections requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review, in turn, requires this court to re-examine all the relevant evidence previously reviewed by the magistrate to determine whether the recommendation should be

accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1). The court may "receive further evidence" if desired. *Id.*

A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An "objection" that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context. *Howard v. Sec'y of Health and Human Servs.,* 932 F.2d 505, 508 (6th Cir. 1991) (holding where objection was to entirety of report and recommendation, that "it is arguable in this case that Howard's counsel did not file objections at all. . . . [I]t is hard to see how a district court reading [the 'objections'] would know what Howard thought the magistrate had done wrong").

A party who files timely objections to a magistrate's report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court "with the opportunity to consider the specific contentions of the parties and to correct any errors immediately." *Walters*, 638 F.2d at 949-50. The Supreme Court upheld this rule in *Thomas v. Arn,* 474 U.S. 140 (1985), noting that "[t]he filing of objections to a magistrate's report enables the district judge to focus attention on those issues--factual and legal--that are at the heart of the parties' dispute." *Id.* at 147 (footnote omitted).

Further, "[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have." *McClanahan v.*

*Comm'r of Soc.* Sec., 474 F.3d 830, 837 (6thCir. 2006) (quoting *Smith v. Detroit Federation of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

## II. DISCUSSION

The court notes at the outset that the magistrate judge's R&R is thorough, well-reasoned and scholarly. Petitioner, who is proceeding through counsel, advances objections that are not particularly helpful. His four numbered objections correspond to the four grounds advanced in his petition for writ of habeas corpus: (1) that he was deprived of his constitutional right to effective assistance of counsel in several respects, (2) that the trial court should have continued the trial to allow petitioner's trial counsel to correct a defective notice of alibi witnesses, (3) that his trial counsel was further ineffective in allowing some testimony to be introduced about petitioner's experience with a polygraph, and (4) that evidence should not have been introduced concerning threats made against an eyewitness, Robert Madden.

Each "objection" is an objection in name only, for the substance of each is mere brief re-argument of the issues already more fully raised in Petitioner's application, argued by counsel and well-considered in the magistrate judge's R&R. Petitioner's "objections" therefore fail to meet the minimum requirements of *Howard.* 932 F.2d at 508. The court cannot know from Petitioner's very cursory restatements what *specific* factual or analytical errors Petitioner might argue that the magistrate judge has committed. *Id.* As such, the court need not delve into the specific points of law that Petitioner briefly argues here a second time. Such an approach would not serve the purpose of filing objections. *Walters*, 638 F.2d at 949-50. The court's independent review of the R&R reveals no substantive errors that would call into question the

ultimate recommendation of the magistrate judge: that the petition lacks merit and should be denied. The court is confident, according to its *de novo* review of the comprehensive R&R, that the R&R is persuasive and should be adopted in full and incorporated by reference.

### III. CONCLUSION

For the reasons stated above, IT IS ORDERED that Petitioner's objections to the report and recommendation [Dkt. # 26] are DENIED and the Magistrate Judge's June 14, 2007 report and recommendation [Dkt. # 25] is ADOPTED IN FULL AND INCORPORATED BY REFERENCE.

IT IS FURTHER ORDERED that the petition for writ of habeas corpus [Dkt # 1] is DENIED.

       s/Robert H. Cleland  
       ROBERT H. CLELAND  
       UNITED STATES DISTRICT JUDGE

Dated: July 24, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 24, 2007, by electronic and/or ordinary mail.

       s/Lisa Wagner  
       Case Manager and Deputy Clerk  
       (313) 234-5522